10266

LODGE No. 13, JOINT STOCK CO. OF SOUTH CAROLINA, *v.* BROWN.

(100 S. E. 144.)

1. MORTGAGES—PAROL AGREEMENT WITH DEBTOR TO RECONVEY ON PAYMENT VALID.—Where grantor, holding legal title to land as security for payment of a debt, conveys land for amount of debt, grantee's agreement with grantor's debtor to convey property to debtor on debtor's payment of debt need not be in writing.

2. MORTGAGES—WHEN EVIDENCE SUFFICIENT TO SHOW ABSOLUTE DEED A MORTGAGE.—Evidence *held* to show that grantee, to whom grantor had conveyed property, the legal title of which he was holding as security for payment of debt, agreed to convey property to grantor's debtor upon payment of debt to grantee.

Before RICE, J., Florence, Spring term, 1918. Affirmed and remanded.

. Action by Lodge No. 13, Joint Stock Company of South Carolina, against C. R. Brown. Decree for plaintiff, and defendant appeals.

*Messrs. McNeill & Oliver,* for appellant, submit: *In the absence of a written agreement setting forth intelligently, and in detail, the terms thereof, we submit that such a contract as contended for by the plaintiff was void for want of definiteness:* 66 S. C. 89; 54 S. C. 184. *Before the Court of equity can be expected to convert a solemn written instrument under seal into something far different from what it purports on its face to be, there should be strong evidence to show that such was the intent of the parties to such instrument:* 88 S. C. 318; 3 Rich. Equity 153. *The parol evidence necessary to establish the fact that a deed was intended as a mortgage must be clear, unequivocal and convincing:* 52 S. C. 55; 3 Pom. Eq. Jur., sec. 1176; 3 Rich. Eq. 153; 37 S. C. 489, 491, differentiated from case at bar. *The requisites justifying the Courts to decree the specific performance of a contract, have been clearly set forth by a recent decision of this Court:* 109 S. C. 255; 95 S. E. 513.

*Mr. C. J. Gasque,* for respondent, submits: *That where a deed is given to secure a debt, and there is no written agreement to reconvey, the debtor would be entitled to a reconveyance upon showing that the deed was intended as a mortgage, and that he had complied with his part of the contract, and the facts may be shown by parol evidence:* 70 S. C. 114. *A deed intended as a mortgage will operate only as a mortgage, and it cannot be converted by any subsequent written agreement into an absolute conveyance unless such subsequent agreement is based upon sufficient consideration and shown to have been fairly made, and the burden is on the mortgagee:* 21 S. C. 400. *A trustee can not, by his own act and deed, defeat or destroy his trust:* 84 S. E. 713. *It*

*is immaterial whether the deed executed by Cohen to the defendant constituted a new contract or was only a continuation or renewal of an old one:* 92 S. C. 514. *"Once a mortgage always a mortgage," and if a purchaser takes a conveyance from the grantee with knowledge that the grantor claims an interest in the property, he takes it charged with the same equities with which it was charged in the hands of the mortgagee:* Jones on Mortgages, vol. I, par. 340.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The subject matter in dispute is a storehouse and lot in the city of Florence. The parties litigant are negroes—the plaintiffs a fraternal lodge, and the defendant a preacher of the gospel. So much gives some necessary uncertainty to the transaction under inquiry.

The plaintiff claims equitable title to the house and lot, the legal title of which is in the defendant. The plaintiff alleges in the complaint that one Cohen, a white man, had the legal title before the defendant, Brown, took it from Cohen, and that while Cohen had the legal title there was a contract (in writing) betwixt the plaintiff and Cohen, whereby Cohen agreed with the plaintiff to convey to it the house and lot when the plaintiff should pay him $500. About the above stated facts there is no doubt at all; the plaintiff and Cohen both so testified, and there is no testimony to the contrary. Cohen got tired waiting on the plaintiff to perform its contract, and conveyed the title to Brown, and the legal effect of that transaction is the matter under review.

The plaintiff testified that it made a parol agreement with Brown before he took title from Cohen, and practically the same contract as that which it had with Cohen. The defendant seems to deny so much, and contends that he dis-

covered through counsel that Cohen had, not a mortgage on the property as he had been informed, but a deed to the property, and that he bought the legal title from Cohen; that he is now owner of the property, and owes no duty to the plaintiff. That was the issue tried by the Circuit Court, and the decree was in favor of the plaintiff. The five exceptions do but renew the same issue here.

1. The appellant is mistaken (exceptions 1, 3 and 4) to contend that such a contract, as has been stated, between the plaintiff and Brown, needs to be in writing. A Court of equity would soon have its hands tied by the doctrine. 3 Pomeroy Eq., sec. 1196.

2. The other exceptions go to the fact, found by the Circuit Court, that there was such an agreement between the plaintiff and the defendant. The plaintiff testified plainly and directly to the point that, before and when Brown purchased from Cohen, he knew of Cohen's contract with the plaintiff, and he took the title under a like agreement with the plaintiff. Brown's testimony thereabout is at least of doubtful meaning. He thus answered his counsel on the direct examination:

"In the year 1911, December, Robert Lanes came to me and told me that Mr. Cohen had a mortgage on their hall property which he was about to foreclose, and that the mortgage called for $500, and he asked me would I take that mortgage up and give him a chance to redeem it. I told him, 'Yes, I would,' on condition, if the authorities of the lodge would come to me and bring me $40 interest, and make me out papers, and promise to keep up the taxes and insurance and repairs on that property, I would take up the mortgage and give them a chance to redeem it. He went away and brought these two gentlemen here, Mr. Sweet and Mr. McCants, and I repeated the same to them, and they said they would present the matter to the lodge. They came to me in January, 1912. They said, 'If the lodge agrees,

we will bring you the papers,' These men never did return. At that time I was presiding elder, and stayed the most of my time in the mountains."

Brown further testified that he was called into Cohen's store by Cohen, and Cohen told him then that the plaintiff had advised Cohen that Brown was to buy the property and was to give the plaintiff the same chance that Cohen had given it. It was then, upon an inspection of the deed Cohen had, that Brown first discovered that Cohen had not a mortgage, as he had been led to believe, but a deed; and upon that discovery he altered his attitude to the plaintiff. He took a deed to the property and held the plaintiff at arm's length as tenants.

The Circuit Court was right, therefore, to conclude that Brown had made a parol contract with the plaintiff, whereby Brown held the legal title, on the trust that the plaintiff should have it when the plaintiff should pay him $500.

The decree of the Court is affirmed, and the cause remanded, to have that decree performed.